# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Monica Kenney, on behalf of herself and all others similarly situated, | |
| Plaintiff | Case No: |
| | **VERIFIED CLASS ACTION COMPLAINT** |
| v. | |
| Kirkland Asset Management, LLC | **JURY TRIAL DEMANDED** |
| Defendant | |

Plaintiff, on behalf of herself and all other persons similarly situated, alleges as follows:

## INTRODUCTION

1.    This is a class action brought by Plaintiff Monica Kenney against Defendant Kirkland Asset Management, LLC arising out of the Defendant's improper and unlawful debt collection activities.

2.    Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class consisting of all persons who, in connection with a debt collection received false communications from the Defendant of the imminent delivery of "legal papers," to their home or work place (the "Class" or "Members of the Class").

3.      Plaintiff seeks actual damages, statutory liquidated damages, and attorneys' fees as a result of Defendant's violations of federal law.

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d), 1693m(g)* and *28 USC 1331*.

5.      Defendant conducts business in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

6.      Venue is proper pursuant to *28 U.S.C. § 1391(b)(1) and (2)* because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

7.      Plaintiff Monica Kenney ("Plaintiff") is a natural person residing in Chester County in the Commonwealth of Pennsylvania.

8.      Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to the Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. § 1692a(5)*.

9.      Defendant is Kirkland Asset Management, LLC ("Kirkland"), a New York limited liability company with mailing and business address of 3500 Main St Suite 130-357, Amherst, New York, 14226

10.     Defendant is a debt collector as that term is defined by *15 U.S.C. § 1692a(6)*, which sought to collect a consumer debt from Plaintiff.

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12.    The Defendant is a debt collector and is regularly engaged, directly and indirectly, in the collection of debts including the debt collection activity that is the subject of this action.

## FACTS

### *Facts Regarding the Plaintiff*

13.    On September 16, 2014, Defendant's employee, agent or servant (Employee) called Plaintiff's telephone number at 610-388-74xx seeking payment of a debt.

14.    Employee left a voice mail message and said that the call was made as a "courtesy" to advise that the Plaintiff was being put "on a schedule" for delivery of a "summons" on "September 19, 2014 between 2:00 PM and 5:00 PM."  Further, the message stated that the Plaintiff had to have "two forms of ID" to "prove" the Plaintiff's identity and that the Defendant wanted to make certain that the Plaintiff would be present to be served.

15.    Employee also provided a "reference number," number "545410" in the message and requested that the Plaintiff call 855-492-5819 for more information.

16.     After listening to the voicemail message the Plaintiff, believing that she had been sued called 855-492-5819 on September 17, 2014.

17.     Defendant's employee, agent or servant answered Plaintiff's call to 855-492-5819 saying that his name was Patrick.

18.     The Plaintiff provided Patrick with the "reference number" left by the Employee in the telephone message and expressed concern about the impending service of a summons.

19.     Patrick responded saying that the telephone message the Plaintiff received was "just a formality, a courtesy call to make a final attempt to pay the amount owed."

20.     Patrick also requested that the Plaintiff pay a debt owed a debt to Kay Jewelers and further, he asked when the Plaintiff would be paying that debt.

21.     Patrick did not identify himself as a debt collector.

22.     The Plaintiff told the Defendant that she could not pay the debt and would not be home to receive the court papers mentioned in the voice mail message because she would be receiving chemotherapy on Friday September 19, 2014.

23.     The Plaintiff told the Defendant to "just go ahead and" serve the summons but just not on September 19, 2014.

24.     Plaintiff advised Patrick of the name, address and telephone number of her attorney and requested that he be contacted.

25.   The Defendant utilizes numerous misrepresentations including false threats of the service of lawsuits and "legal papers" to collect debts.

26.   The Defendant has never commenced lawsuit against the Plaintiff.

27.   Neither the Defendant, its employees, agents nor its servants ever attempted to serve or served "court papers" on the Plaintiff. Employee's statement that the Defendant intended to serve the Plaintiff with legal documents was false and fraudulent.

28.   At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

29.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a Class composed of

> All persons with whom the Defendant Kirkland Asset Management LLC, communicated false information regarding the delivery of legal documents during the applicable statutes of limitations.

30.    Excluded from the Class are the Defendants and any of its affiliated companies, officers, directors, employees, or agents.

31.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23.

32.    The Class is so large that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff estimates that there are hundreds of members of the Class and Subclass.

33.    There are questions of law and fact that are common to the claims of the members of the Class, including whether the Defendant violated the *Fair Debt Collection Practices Act* ("FDCPA").

33.    Plaintiff's claims are typical of the claims of the other members of the Class and Subclass, and Plaintiff does not have any interests adverse to the Class.

34.    Plaintiff is an adequate representative of the Class and Subclass, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class and Subclass.

35.    This class action is a fair and efficient method by which to adjudicate the claims of Plaintiff and the Class, because:

     A. common questions of law and fact predominate over any question affecting any individual Class member; and

B. the prosecution of separate actions by individual Class members would likely create a risk of inconsistent or varying adjudications with respect to individual members of the Class which could establish incompatible standards of conduct for the Defendant or allow some Class members' claims to affect adversely other Class abilities to protect their interests.

36.    Plaintiff anticipates no difficulty in the management of this litigation as a class action.

37.    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims that may be too small to support the expense of individual cases.

38.    For all the foregoing reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## <u>COUNT I</u>
### Violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692

39.    Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

40.    The Defendant is a "debt collector" under section *1692a(6)* of the FDCPA.

41.    The claims for debts subject of the Defendant's communications for collection comprise a "debt" within the meaning of *15 U.S.C. § 1692a(5).*

*42.*   The FDCPA prohibits debt collectors, such as the Defendant from engaging in unfair practices in connection with collecting debts, such as making false, deceptive and misleading representations in connection with the collection of a debt including but not limited to the threat to take any action that cannot legally be taken or that is not intended to be taken, the use of any false representation or deceptive means to collect or attempt to collect any debt and the false representation or implication that documents are legal process.  *15 U.S.C. § 1692e*

*43.*   The Defendant violated 15 U.S.C. § 1692d because it engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. *15 U.S.C. § 1692d.*

44.   Pursuant to section 1692k of the FDCPA, Plaintiff and Class members are entitled to their actual damages plus statutory liquidated damages and attorneys' fees, as a result of Defendant's violations of the FDCPA.

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class respectfully requests:

A.   that the Court certify this action as a class action pursuant to Federal Rule of Civil Procedure 23 and

appoint Plaintiff as the representative of the Class and her counsel as counsel for the Class;

B.    that this Court enter judgment awarding actual and statutory liquidated damages to Plaintiff and the Members of the Class;

C.    that the Court award attorneys' fees, expenses, and the costs of this suit, together with prejudgment and post-judgment interest at the maximum rate allowed by law;

D.    that the Court declare that the conduct of the Defendant violated and continues to violate the FDCPA and that the Court enter a permanent injunction, enjoining the Defendants from continuing to violate the FDCPA; and

E.    that this Court award such other and further relief as it may deem just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff, on behalf of herself and the members of the Class demands a jury trial on all issues so triable.

Respectfully submitted:

Lipow Law Office

/S/ RICHARD N LIPOW

By__RNL3966_____

RICHARD N. LIPOW, ESQUIRE
Swedesford Corporate Center
629  Swedesford Road
Malvern Pennsylvania 19355
(610) 251-2500
Attorney for Plaintiff

VERIFICATION

I, MONICA KENNEY, declare as follows:

1. I am a Plaintiff in the present case, a natural-born citizen of the United States of America, and a resident of the Commonwealth of Pennsylvania and am more than eighteen years old.

2. I have personal knowledge of the facts set forth in the foregoing Verified Complaint, and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself, my activities, and my intentions are true and correct. 28 U.S.C. § 1746.

/s/MONICA KENNEY
_____
MONICA KENNEY