IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Monica Kenney, on behalf of herself and all others similarly situated,<br><br>        Plaintiff<br><br>   v.<br><br>Kirkland Asset Management, LLC<br><br>        Defendant | Case No: 14-cv-06749-WB<br><br>Self-Executing Disclosure Statement of Plaintiff Pursuant To Federal Rule of Civil Procedure 26 |

Plaintiff Monica Kenney ("Plaintiff") sets forth the following Self-Executing Disclosure Statement:

### A. IDENTITY OF INDIVIDUALS WITH INFORMATION BEARING ON THE CLAIMS AND DEFENSES AT ISSUE

1. Monica Kenney, 31 Dogwood Drive, Kennett Square, Pennsylvania, 19348. This individual has information that bears on the claims at issue.

2. Verizon of Pennsylvania and Verizon Wireless, PO Box 4003, Acworth, Georgia, 30101.

3. Patrick; an individual in the employ of defendant Kirkland Asset Management as a debt collector who may be contacted by and through his employer.  This individual has information that bears on the claims at issue.

4. Kari E. Tedesco, believed to be managing member of defendant; 210 John Glenn Drive, Amherst, New York 14228. This individual has information that bears on the claims at issue.

5. David G. Peltan, 128 Church Street, East Aurora, NY 14052. This individual has information that bears on the claims at issue.

6. Office staff of defendant.

7. Unknown debt collector referred to in paragraphs 14 and 15 of the Complaint.

### B. DOCUMENTS WHICH BEAR SIGNIFICANTLY ON THE CLAIMS AND DEFENSES AT ISSUE

1. Any and all records in possession or control of the defendant pertaining to the class representative and class members.

2. Any and all documents in possession of plaintiff and the defendant to be identified regarding both liability and damages.

3. Defendant's records, including but not limited to computer files and telephone logs, detailing collection efforts directed to the class representative and the class.

4. Defendant's internal memorandum, email and compliance manuals pertaining to instruction as to collection techniques and methods.

5. Defendant's internal memorandum, email and compliance manuals pertaining to instruction pertaining to collection techniques and methods.

6. Defendant's debt collection compliance records.

7. Defendant's financial records.

8. Defendant's tax returns.

9. Defendant's financial statements, audited and unaudited.

10. Defendant's records of any debt collection complaint

11. Defendant's telephone records.

12. Defendant's sound recordings for any debt collection activity.

13. Defendant's records pertaining to payments to subcontractors associated with any debt collection action directed to the class representative and/or class members.

### C. COMPUTATION OF DAMAGES CLAIMED BY DISCLOSING PARTY

1. Plaintiff's actual and statutory damages in addition to statutory attorney fees, including damages which may be assessed in class actions, as well as court costs.

### D. INSURANCE

1. Plaintiff knows of no insurance coverage for this claim

The undersigned certifies that the foregoing was served on all counsel of record at the time it was electronically filed.

           Respectfully submitted:

           RNL3966

By_____
RICHARD N. LIPOW, ESQUIRE
Attorney at Law
629 Swedesford Road
Swedesford Corporate Center
Malvern Pennsylvania 19355
(610) 251-2500

Attorney for Plaintiffs